JACOB L. FRANKEL, Respondent, *v.* ABRAHAM D. FELDSTEIN et al., Doing Business under the Firm Name of FELDSTEIN BROS. & CO., Appellants.

*Frankel* v. *Feldstein*, 172 App. Div. 907, affirmed.

(Submitted October 25, 1918; decided November 12, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 31, 1916, *unanimously* affirming a judgment in favor of plaintiff entered upon a decision of the

court at a Trial Term, a jury having been waived. Plaintiff entered into a contract with one Parson " to employ him for one year as a traveling salesman and to pay him as compensation forty per cent ·of the net profits of all business he produced." It was provided that plaintiff should advance to Parson, each week, a sum of money, the same to be charged against his share of the profits. It was further provided that within four months after the expiration of the agreement there should be an accounting between the parties, and that thereupon Parson should be paid whatever was due him. In the event, however, that the amount advanced to him for traveling expenses and drawing account was in excess of the sum to which he would be entitled as his share of the profits, he was to repay such excess to the plaintiff. Before entering into: this agreement plaintiff required Parson to provide security for the repayment of any such excess. Accordingly he procured defendants, who covenanted and agreed to pay to the plaintiff the sum, if any, which may be found due and owing to him upon the accounting mentioned in default of payment of such sum by°.Parson. The agreement was thereafter terminated. Parson, however, refused to voluntarily account, and an action was brought in the Supreme Court which resulted in a recovery in favor of the plaintiff. Execution was issued and returned wholly unsatisfied, and the plaintiff now seeks to recover from the sureties. The defendants interpose two separate defenses. The first is that the plaintiff unreasonably and improperly failed to have a true and final accounting with Parson within four months after the expiration of the agreement, and, therefore, the defendants are discharged and released from any liability to the plaintiff. The second defense is that the contract with the defendants is a guaranty of collection and not of payment, and that the plaintiff unreasonably neglected to take the proper steps for the collection of the sum due from Parson, thereby discharging the defendant.

43

*Joseph L. Frieder* for appellants.
*James Garfield Moses* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDE-
BACK and HOGAN, JJ. Not sitting: McLAUGHLIN, J.
Absent: CRANE, J. _____